IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATRICIA A. SCHWENKER,

        Plaintiff,                      CV-06-506-ST

      v.                                 FINDINGS AND RECOMMENDATION

MOLALLA RIVER SCHOOL DISTRICT NO. 35,
and WAYNE KOSTUR,

        Defendants.

STEWART, Magistrate Judge:

## INTRODUCTION

On or about February 24, 2006, plaintiff, Patricia A. Schwenker, originally filed this case against her former employer, defendant Molalla River School District No. 35, and its superintendent, defendant Wayne Kostur, in the Clackamas County Circuit Court of the State of Oregon, Case No. 06-020637. Schwenker alleged claims for violation of 42 USC § 1983 and of ORS 659A.203, Oregon's Whistle Blower law, arising out of her termination from employment for exercising her First Amendment right of advocating corrective action. Defendants timely

1 - FINDINGS AND RECOMMENDATION

filed a Petition and Notice of Removal of that case on April 7, 2006, based on federal question jurisdiction under 28 USC § 1343 (docket # 1).

On May 30, 2006, the United States Supreme Court issued its ruling in *Garcetti v. Ceballos*, – US – , 126 S Ct 1951 (2006), holding that statements made by a public employee pursuant to her or his official duties are not protected by the First Amendment. Recognizing that she no longer had a viable claim for violation of 42 USC § 1983, Schwenker filed an Amended Complaint on August 24, 2006, without opposition by defendants, omitting the § 1983 claim and alleging state law claims for violation of ORS 659A.203 and for wrongful discharge (docket # 10). On the same day, she filed a Motion to Remand (docket # 11) on the basis that this court lacks subject matter jurisdiction and, in the alternative, that this court should decline to exercise supplemental jurisdiction pursuant to 28 USC § 1367(c). For the reasons set forth below, that motion should be granted.

## FINDINGS

### I. Lack of Subject Matter Jurisdiction

Plaintiff contends that after dismissal of the only claim invoking federal question jurisdiction and in the absence of complete diversity between the parties, this court no longer has subject matter jurisdiction over the remaining state law claims and must remand this case pursuant to 28 USC § 1447(c) which provides:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

2 - FINDINGS AND RECOMMENDATION

This case was properly removed by defendants pursuant to 28 USC § 1441 because at that time Schwenker had alleged a § 1983 claim.  This court also had jurisdiction over the state law claim under 28 USC § 1367(a) which grants district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  However, Schwenker then voluntarily dismissed her § 1983 claim.

Schwenker argues that she dismissed the § 1983 claim because the Supreme Court's decision in *Garcetti* deprived her of standing, thus depriving the court of jurisdiction.  When a claim is dismissed for lack of jurisdiction, then the district court has no discretion to retain the state law claims for adjudication.  "Without the hook of admiralty jurisdiction – the basis for original jurisdiction – the district court had no power under either § 1367 or Article III of the Constitution to adjudicate *any* claims in the lawsuit."  *Herman Family Revocable Trust v. Teddy Bear*, 254 F3d 802, 805 (9th Cir 2001) (emphasis in original).

Defendants respond that because Schwenker voluntarily dismissed her claim, it did not fail for lack of jurisdiction.  However, a lack of jurisdiction is not predicated on whether the court, the defendant, or the plaintiff first raises the issue.  A plaintiff need not, and indeed should not, wait for the defendant or the court to recognize a lack of jurisdiction over a claim.  Instead, the issue is whether the claim fails for lack of jurisdiction or for some other non-jurisdictional reason, such as a failure to state a claim or on the merits.

Dismissal of supplemental state law claims "where the district court had no underlying original jurisdiction must be distinguished from the district court's discretionary authority to retain jurisdiction over state-law claims where it has dismissed on the merits federal claims over

3 - FINDINGS AND RECOMMENDATION

which it did have original jurisdiction." *Id* at 806.  Pursuant to 28 USC § 1367(c), when a district court dismisses a federal claim on the merits, it has discretion whether to decline to exercise supplemental jurisdiction over the remaining state claims.  However, "the boundaries between a dismissal for lack of jurisdiction and a dismissal for failure to state a claim are sometimes difficult to discern."  *Id.  Herman Family Revocable Trust* is not particularly helpful in defining those boundaries since, in that case, the law was "quite clear that where a plaintiff attempts to assert admiralty jurisdiction in a suit based on the sale of a vessel, the district court *lacks subject matter jurisdiction;* it is not simply a matter of failure to state a claim under Fed.R.Civ.P. 12(b)(6)."  *Herman Family Revocable Trust*, 254 F3d at 806-07.

Contrary to Schwenker's characterization, it is not altogether clear whether her § 1983 claim fails for lack of subject matter jurisdiction or for failure to state a claim.  The Supreme Court did not dismiss the § 1983 claim in *Garcetti* based on lack of standing or jurisdiction, but held that defendant was entitled to summary judgment.  Therefore, *Garcetti* was a decision made on the merits, rather than for lack of standing or subject matter jurisdiction.  Simply because a public employee has no First Amendment protection does not mean that a court lacks jurisdiction over a § 1983 claim by that employee.  Instead, it simply means that § 1983 provides no remedy.

Here it is evident that Schwenker's § 1983 claim would have been subject to dismissal after *Garcetti* for failure to state a claim based solely on the allegations in the Complaint.  She alleged that "[d]uring her tenure as an administrator with the District," she exercised her rights under the First Amendment by advocating corrective action to her supervisor concerning a serious fire hazard in one of the classrooms and conduct by teachers.  Complaint, ¶ 7.  As

4 - FINDINGS AND RECOMMENDATION

explained in her motion, she was elementary school principal who was terminated allegedly for speaking out on an issue that she was duty-bound to address.

While distinguishing between dismissal for lack of subject matter jurisdiction under FRCP 12(b)(1) and dismissal for failure to state a claim under FRCP 12(b)(6) "appears straightforward in theory, it is often much more difficult in practice. . . particularly so in cases involving federal question jurisdiction." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F3d 1182, 1187 (2nd Cir 1996). "Because of the more-than-occasional difficulties involved in parsing a claim alleging federal question jurisdiction to determine whether it fails to state a claim or fails to meet jurisdictional requirements, the federal courts have followed a general practice of granting jurisdiction in most cases and dismissing for lack of subject matter jurisdiction only under narrow circumstances." *Id* at 1188 (citation omitted). As a result, the initial inquiry is whether the allegations in the complaint seek recovery under federal law or the Constitution. "If so, then we assume or find a sufficient basis for jurisdiction, and reserve further scrutiny for an inquiry on the merits. This approach preserves the exception . . . permitting the court to dismiss for lack of subject matter jurisdiction – even if a federal claim is asserted on the face of the complaint – where the federal question 'is so plainly insubstantial as to be devoid of any merits and thus [does] not present[ ] any issue worthy of adjudication.'" *Id* at 1189 (citations omitted).

There can be no doubt that, on its face, Schwenker's Complaint initially alleged a right of action under federal law, namely a violation of § 1983. Therefore, the appropriate inquiry is whether that federal claim was so devoid of merit that it failed to present any issue worthy of adjudication. Both parties appear to concede that after *Garcetti*, Schwenker could no longer argue that her § 1983 claim had any legal basis. Therefore, this court concludes that

5 - FINDINGS AND RECOMMENDATION

Schwenker's § 1983 claim was rendered frivolous by *Garcetti* and would have been subject to dismissal under FRCP 12(b)(1) for lack of subject matter jurisdiction. Accordingly, the remaining state law claims must be remanded to state court.

## II.  Discretionary Denial of Supplemental Jurisdiction

Even if dismissal of the § 1983 claim is construed to have been on the merits, as opposed to lack of subject matter jurisdiction, this court should exercise its discretion to decline supplemental jurisdiction under 28 USC § 1367(c)(3). Typically when all federal claims are eliminated before trial, the court should remand the case unless retention is justified by judicial economy, convenience, fairness to the litigants, and comity. *Acri v. Varian Ass'n., Inc.*, 114 F3d 999, 1001, *supplemented by* 121 F3d 714 (9th Cir 1997).

Here the court has not devoted substantial time or resources to this case. The parties have engaged in some discovery, but no depositions have been taken. This is the only motion that has been filed. Any discovery already taken can be used in the state court proceeding. There is no reason to believe that a remand would cause unreasonable delay, unnecessary expense, prejudice or inconvenience. Furthermore, comity weighs in favor of a remand. With the demise of the § 1983 claim, Schwenker now has alleged a claim for wrongful discharge. Whether that wrongful discharge claim lacks merit, as claimed by defendants, is a decision that should be made in the first instance by an Oregon state court.

## RECOMMENDATION

For the reasons set forth above, plaintiff's Motion to Remand (docket # 11) should be GRANTED and this case should be remanded to Clackamas County Circuit Court of the State of Oregon.

**SCHEDULING ORDER**

Objections to the Findings and Recommendation, if any, are due October 16, 2006.  If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 26th day of September, 2006.

/s/  Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge